■ In the Matter of the Claim of JACK POZNANSKY, Appellant, v. JERRY COAT Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. — AULISI, J. Appeal from a decision of the Workmen's Compensation Board which disallowed claimant's claim for benefits on grounds that there was no

accident arising out of and in the course of employment and that there was no causal relationship between claimant's work effort and his disability. Claimant was employed as an operator on ladies' coats and he had been so employed for about three years. On August 17, 1964 claimant started work at 8:30 A.M. and pursued his usual duties. During the course of his work, claimant testified that when he started work he picked up a bundle of 16 or 17 coats which weighed approximately three or three and one-half pounds each. While engaged in this work, claimant felt a pain in his chest and sat down at his machine. Claimant was advised to go home, but he continued to work until 4:00 P.M. At approximately 6:30 P.M., while at home, claimant collapsed from what was treated as a myocardial infarction. Claimant contends that the board erred as a matter of law in its holding claiming that the lifting incident coupled with the pain in his chest establishes an industrial accident and that the evidence against causal relation cannot sustain the board's findings. Claimant had pre-existing arteriosclerotic heart disease. There is various evidence in the record concerning claimant's work activities and there are conflicting histories as to what happened on the day in question. The board concluded that there was no showing of strenuous physical exertion. There is also the usual conflict of medical opinion. We are here presented with factual issues which have been resolved by the board against the claimant and its determination being supported by substantial evidence we have no alternative but to affirm (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.